NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MEHRDAD SHAYEFAR; GINA SHAYEFAR, | No. 16-16610 |
| Plaintiffs-Appellees, | D.C. No. 1:14-cv-00322-HG-KSC |
| v. | MEMORANDUM* |
| VON-ALAN HINANO KALELEIKI, |  |
| Defendant-Appellant, |  |
| and |  |
| SARAH-THERECE K. KALELEIKI, |  |
| Defendant. |  |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Von-Alan Hinano Kaleleiki appeals pro se from the district court's summary

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment in favor of the Shayefars in their action to quiet title. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment and determination of subject matter jurisdiction. *Haro v. Sebelius*, 747 F.3d 1099, 1107 (9th Cir. 2014). We affirm.

The district court properly granted summary judgment on the Shayefars' claim to quiet title because defendants failed to raise a genuine dispute of material fact as to whether they held superior title to the Shayefars on the subject property. *See Maui Land & Pineapple Co. v. Infiesto*, 879 P.2d 507, 512-13 (Haw. 1994) ("In an action to quiet title, the burden is on the plaintiff to prove title in and to the land in dispute . . . [by showing] either that he has paper title to the property or that he holds title by adverse possession . . . [and] that he has a substantial interest in the property and that his title is superior to that of the defendants."); *Makila Land Co., LLC v. Kapu*, 388 P.3d 49, 50 (Haw. Ct. App. 2016) ("A prima facie case can be made in various ways, but is usually done by bringing forward evidence of the initial land grant award and tracing ownership forward to the plaintiff through 'mesne conveyances, devise, or descent' or through evidence of adverse possession. . . ." (internal quotation marks and citation omitted)); *Alexander & Baldwin, Inc. v. Silva*, 248 P.3d 1207, 1213 (Haw. Ct. App. 2011) ("If the plaintiff and the defendant both bring forward evidence supporting their claims of title, then the court must decide, based on the evidence presented, which party has title

16-16610

superior to that of the other party.").

To the extent that appellant challenges the district court's subject matter jurisdiction, the district court properly determined that there was diversity jurisdiction. *See* 28 U.S.C. §1332(a); *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015) (setting forth requirements for diversity jurisdiction); *see also United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (rejecting jurisdictional challenge by Hawaiian nationals).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**